# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| WILLIE WESTRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:14-00415-N |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Willie Westry brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits ("DIB"). The parties have consented to the exercise of jurisdiction by, and this case has been ordered referred to, the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). *See* Docs. 18, 20. The parties have waived oral argument. Docs. 17, 19.

Upon consideration of the administrative record ("R.") (Doc. 12), Plaintiff's Brief (Doc. 14), and the Commissioner's Brief (Doc. 15), the Court has determined that the Commissioner's decision denying Plaintiff's benefits should be **AFFIRMED**.[1]

---

[1] Any appeal taken from this memorandum opinion and order and simultaneously entered separate judgment may be made directly to the Eleventh Circuit Court of Appeals. *See* Doc. 23.

I. **Procedural Background**

Plaintiff filed an application for DIB on July 8, 2008 (*see* R. 340-342), alleging a disability onset date of June 17, 2008. *See* R. 340. His application was initially denied. *See* R. 145-149. Hearings were conducted before Administrative Law Judge David L. Horton ("the ALJ") on February 26, 2010. *See* R. 99-123. On April 22, 2010, the ALJ issued a decision finding Plaintiff not disabled. R. 125-38. The Appeals Council reviewed the case and remanded it to the ALJ because the original records considered by the ALJ included information that did not pertain to the Claimant. R. 139-43. Further hearings were conducted before the ALJ on September 17, 2012. *See* R. 79-98. On November 29, 2012, the ALJ issued a second decision, now before this Court, finding Plaintiff not disabled. R. 57-78. The Appeals Council issued a decision declining to review the ALJ's determination on July 15, 2014 (*see* R. 1-7), rendering the Commissioner's decision final for purposes of judicial review (*see* 20 C.F.R. § 404.981). Claimant timely filed a complaint in this Court on September 5, 2014. *See* Doc. 1.

II. **Factual Background**

Plaintiff is a resident of Pinehill, Alabama (Doc. 1 at 1), born January 17, 1970. R. 340. He was 42 at the time of the second hearing before the ALJ. R. 79, 340. He completed ninth grade and does not have a GED. *See* R. 602. His past relevant work experience includes positions as a floor maintenance worker, dump truck driver, diesel tractor operator, and road grader. R. 70; 381-401. He has not worked since before the alleged onset date of June 17, 2008. R. 340. Plaintiff suffers from a

number of medical issues, including irritable bowel syndrome, sleep apnea, hypertensive cardiovascular disease, obesity, a history of right wrist fracture, and a history of gallbladder surgery. R. 63.

On June 19, 2008, Plaintiff was prescribed a CPAP machine by Walid W. Freij, M.D., to treat severe obstructive sleep apnea syndrome. R. 527-40. He has been treated by Roseanne Cook, M.D., for irritable bowel syndrome, hypertension, sleep apnea, and a number of other conditions. R. 562-617. On February 28, 2012, Dr. Cook completed a Medical Source Statement stating that Plaintiff could work an 8-hour workday with a number of limitations. R. 605. On March 15, 2012, Dr. Freij completed a Medical Source Statement indicating that Plaintiff could *not* maintain a regular 8-hour workday. R. 607.

### III.  Claims on Appeal

On appeal to this Court, Plaintiff asserts that the Commissioner's decision to deny benefits is in error (*i.e.,* not supported by substantial evidence) on the following ground:

> The ALJ erred in rejecting the opinion of the treating physician, Roseanne Cook, M.D., and the treating neurologist, Walid W. Freij, M.D., and in giving greater weight to the opinion of Dr. Carmichael, a non-examining non-treating reviewing DDS physician who completed a checkbox form after reviewing only four medical exhibits, did not consider sleep apnea, and rendered his opinion over four years before the ALJ's decision.

Doc. 14 at 1-2.

## IV. Standard of Review

In all Social Security cases, a plaintiff (sometimes referred to as a claimant) bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether that burden has been met, and thus a claimant has proven that he or she is disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history (*see id*); and, in turn,

> uses a five-step sequential evaluation to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*;

4

*Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the Commissioner's decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla but less than a preponderance, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "Even if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is **supported by** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

## V. Analysis

**A. The ALJ properly considered the treating and non-treating physicians' opinions regarding Plaintiff's ability to work.**

The Plaintiff argues that the ALJ improperly rejected the opinions of treating physicians, Roseanne Cook, M.D., and Walid W. Freij, M.D., while giving greater weight to a consulting physician, R. Glenn Carmichael, M.D. Doc. 14 at 1-2. Dr. Cook issued two separate opinions regarding Plaintiff's functional limitations, one in October 2009 (R. 562-68) and one in February 2012. R. 605-06. Dr. Freij issued an opinion regarding Plaintiff's functional limitations in March 2012. R. 607.

Evidence considered by the Commissioner in making a disability determination may include medical opinions. *See* 20 C.F.R. §§ 404.1527(a)(2) & 416.927(a)(2). " 'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). "There are three tiers of medical opinion sources: (1) treating physicians; (2) nontreating, examining physicians; and (3) nontreating, nonexamining physicians." *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. Sept. 26, 2014) (per curiam) (unpublished) (citing 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2)). "In assessing medical opinions, the ALJ must consider a number of factors in determining how much weight to give to each

medical opinion, including (1) whether the physician has examined the claimant; (2) the length, nature, and extent of a treating physician's relationship with the claimant; (3) the medical evidence and explanation supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization. These factors apply to both examining and non-examining physicians." *Eyre v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 521, 523 (11th Cir. Sept. 30, 2014) (per curiam) (unpublished) (internal citations and quotation marks omitted) (citing 20 C.F.R. §§ 404.1527(c) & (e), 416.927(c) & (e)).

The ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *Bloodsworth*, 703 F.2d at 1240. *Accord, e.g.*, *Anderson v. Comm'r of Soc. Sec.*, 427 F. App'x 761, 763 (11th Cir. 2011) (per curiam) (unpublished). However,

> the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Therefore, when the ALJ fails to "state with at least some measure of clarity the grounds for his decision," we will decline to affirm "simply because some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir.1984) (per curiam). In such a situation, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Cowart*, 662 F.2d at 735 (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979)) (internal quotation marks omitted).

*Winschel*, 631 F.3d at 1179.

"A 'treating source' (i.e., a treating physician) is a claimant's 'own physician,

psychologist, or other acceptable medical source who provides[], or has provided[],[ the claimant] with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant].' " *Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589, 591 (11th Cir. May 2, 2006) (per curiam) (unpublished) (quoting 20 C.F.R. § 404.1502). "Absent 'good cause,' an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight.' " *Winschel*, 631 F.3d at 1179 (quoting *Lewis*, 125 F.3d at 1440). That is so because treating sources are likely in a better position "to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). "Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.' With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the] reasons' for doing so." *Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1240-41) (internal citation omitted). *See also, e.g.*, *Bloodsworth*, 703 F.2d at 1240 ("[T]he opinion of a treating physician may be rejected when it is so brief and conclusory that it lacks persuasive weight or where it is unsubstantiated by any clinical or laboratory findings. Further, the Secretary may reject the opinion of any physician when the evidence supports a contrary conclusion." (citation omitted)).

The ALJ concluded that Dr. Cook's medical source statements were due "little weight." R. 69. The ALJ stated that this was because Dr. Cook's statement that "sleep apnea would prevent [the Plaintiff from] maintain concentration, persistence or pace" was "inconsistent with the claimant report to Dr. Freij that he was feeling refreshed when he awakened in the morning, using his C-pap machine." *Id. compare* R. 609. The ALJ also reasoned that there were no test results or symptoms present in Dr. Cook's treatment notes that supported Plaintiff's complaint of pain. R. 69. The ALJ chose to give "greater weight" to Dr. Cook's "treatment notes, clinical findings, and diagnostic tests" due to her relationship with the Plaintiff as a treating physician, but chose not to accept Dr. Cook's medical source statements. *Id.* Because the ALJ determined that the physician's opinion was not bolstered by the evidence (*see id. compare* R. 609), the ALJ had "good cause" to disregard Dr. Cook's evaluations. *See Winschel*, 631 F.3d at 1179. The ALJ's statement of the reasons for disregarding the evaluations comport with the standard set by *Winschel*. *See id.* Thus, the ALJ properly considered Dr. Cook's evaluation of Plaintiff's sleep apnea and pain.

The same evaluation may be applied to the ALJ's consideration of Dr. Freij's evaluation. The ALJ concluded that Dr. Freij's medical source statement was due "little weight" because the opinion that Plaintiff "could not maintain concentration, persistence, or pace for periods of at least 2 hours" was "not consistent" with Plaintiff's statement that he was awakening feeling refreshed while using the C-pap machine. R. 69 *compare* R. 609. The ALJ again chose to give "greater weight" to Dr.

Freij's "treatment notes, clinical findings, and diagnostic tests" due to his relationship with the Plaintiff as a treating physician, but also chose not to accept Dr. Freij's medical source statement. *Id.* Because the ALJ determined that the physician's opinion was inconsistent with his own treatment records (*see id.* compare R. 609), the ALJ had "good cause" to disregard Dr. Freij's evaluation. *See Winschel*, 631 F.3d at 1179. The ALJ's statement of the reasons for disregarding the evaluations comport with the standard set by *Winschel. See id.* Thus, the ALJ properly considered Dr. Freij's evaluation of Plaintiff's sleep apnea.

The ALJ also gave "greater weight" to the opinion of R. Glenn Carmichael, M.D., that Plaintiff could perform light work activities because this opinion was "consistent with the available medical evidence that was reviewed in rendering the opinion." R. 70. The ALJ must evaluate all medicals opinions before him or her. 20 C.F.R. § 404.1527(c). Evaluating an opinion such as Dr. Carmichael's based on consistency comports with the requirements for evaluating all medical evidence. *See* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.").

Generally, "[t]he opinions of nonexamining, reviewing physicians, such as those of Dr[]. [Carmichael], when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence." *E.g., Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987). However, where an ALJ has properly articulated good cause to give less than substantial weight to a treating physician's opinion, an ALJ does not err in assigning more weight to the

opinion of a non-examining physician, so long as other substantial evidence supports it. Here, the ALJ articulated good cause to assign "little weight" to the treating physicians' opinions but gave "greater weight" to their objective treatment notes, which the ALJ found to be "consistent with" his RFC assessment. R. 69. The ALJ also found Dr. Carmichael's opinion to be "consistent with the available medical evidence that was reviewed in rendering the opinion." R. 70. Thus, the ALJ properly considered and weighed the opinion of Dr. Carmichael, along with the rest of the medical evidence available. *Compare Crow v. Comm'r, Soc. Sec. Admin.*, 571 F. App'x 802, 807 (11th Cir. July 7, 2014) (per curiam) (unpublished) ("[T]he non-examining physician's assessment, indicating that Crow was capable of the full range of light work, was consistent with the record, as the ALJ noted. The ALJ provided specific reasons for discounting his treating physician's opinion, and those reasons are supported by the record such that the ALJ did not err. The ALJ also provided specific reasons for giving greater weight to the non-treating physician's assessment. Accordingly, the ALJ did not err in weighing the medical opinion evidence." (citations omitted)), *and Forrester v. Comm'r of Soc. Sec.*, 455 F. App'x 899, 902-03 (11th Cir. Jan. 10, 2012) (per curiam) (unpublished) ("[T]he ALJ had 'good cause' to not give Dr. Goss's opinion considerable weight and did not err[, and] the ALJ did not err by relying on the opinions of the non-treating physicians, taken alone, in a way that left its decision unsupported by substantial evidence. The evidence supported a contrary conclusion to Dr. Goss's opinion, and the ALJ was not prohibited from reaching that conclusion simply because non-treating physicians

also reached it. Therefore, the ALJ properly explained the weight it gave to various medical opinions, clearly articulated its reasons, and did not err by crediting the opinions of non-treating sources over a treating one." (citation omitted), *with Johnson v. Barnhart*, 138 F. App'x 266, 271 (11th Cir. June 29, 2005) (per curiam) (unpublished) ("Maloy's RFC evaluation is not dispositive, as its conclusions are from a non-treating, non-examining physician, and the other medical records express no indication of Johnson's ability to perform her past work.").

**B.   The ALJ relied on substantial evidence in making the RFC assessment and in finding that the Plaintiff could perform past work.**

Finally, the ALJ's RFC determination and his subsequent determination that the Plaintiff can perform light work at a reduced level are supported by substantial evidence as required by *Jones* (190 F.3d at 1228) and *Crawford* (363 F.3d at 1158-59). In making the decision, the ALJ considered and relied on the opinions, assessments, and treatment notes of Roseanne Cook, M.D.; Walid W. Freij, M.D.; R. Glenn Carmichael, M.D.; Gary R. Kania, D.O.; and Ninna E. Tocci, Ph.D. (psychology). R. 64-70. The ALJ also relied on the testimony of a vocational expert, Joshua S. Tilton, Ph.D.; the testimony of a physical medical expert, William B. Whatley III, M.D.; and the testimony of a psychological medical expert, Sydney H. Garner, Psy.D. *Id*. As required by the Eleventh Circuit, the evidence relied upon is "more than a scintilla" and is "such relevant evidence as a reasonable person would accept as adequate to support [the ALJ's] conclusion." *See Martin v. Sullivan*, 894 F. 2d 1520, 1529 (11th Cir. 1990) (internal citations omitted). In the last analysis, the record evidence does not support Plaintiff's assignments of error. Rather, the record

as a whole reflects that the ALJ's decision was supported by substantial evidence.

## VI.  Conclusion

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits is **AFFIRMED** under 42 U.S.C. § 405(g).

**DONE** and **ORDERED** this the 16th day of March 2016.

                                   */s/ Katherine P. Nelson*
                                   **KATHERINE P. NELSON**
                                   **UNITED STATES MAGISTRATE JUDGE**